IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| BRANCH BANKING AND TRUST COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 5:16-CV-91 (CAR) |
| | : | |
| SS TACTICAL, LLC and DARRON TROY SANDERS, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER ON MOTION FOR DEFAULT JUDGMENT

On February 29, 2016, Plaintiff Branch Banking and Trust Company ("Plaintiff") filed a Complaint against Defendants SS Tactical, LLC and Darron T. Sanders seeking to recover the principal and interest outstanding under a promissory note (the "Note") executed by Defendants.  Plaintiff also seeks attorney's fees pursuant to O.C.G.A. § 13-1-11.  Defendants were served with process on March 29, 2016, but failed to answer or respond.  At Plaintiff's request, the Clerk of Court entered a default against Defendants on April 18, 2016.

Now, Plaintiff moves the Court for entry of default judgment.  Defendants have not appeared or filed a response, and the time for doing so has passed.  For the reasons set forth below, Plaintiff's Motion for Entry of Default Judgment [Doc. 11] is **GRANTED**.

1

## PLAINTIFF'S ALLEGATIONS

According to the Complaint, on or about September 13, 2013, SS Tactical executed and delivered to Plaintiff the Note in the original principal amount of $150,000. Plaintiff and SS Tactical then entered into a Note Modification Agreement ("Modification Agreement") on September 5, 2014. The Note, as modified, is guaranteed by two Guaranty Agreements from Sanders to Plaintiff—one dated September 13, 2013 and the other dated September 5, 2014 (collectively the "Guaranties"). The Note required payment to Plaintiff when payments became due. As Guarantor, Sanders's obligations under the Guaranties are payable immediately upon demand. Under the collective loan documents, upon default, Defendants as borrower and guarantor are obligated to pay to Plaintiff the entire amount outstanding under the Note, plus reasonable attorney fees and other expenses incurred by Plaintiff to collect the debt.

SS Tactical defaulted under the Note by failing to make payments as they became due, and Sanders defaulted under the Note and Guaranties by failing to make timely payments to Plaintiff.[1] Consequently, on February 23, 2016, Plaintiff notified Defendants by letter of their respective defaults under the Note and Guaranties. Plaintiff provided Defendants ten (10) days from the date of receipt of the letter to satisfy the entire obligation, and notified Defendants that if they failed to do so they would be

---

[1] Pl. Compl., [Doc. 1] at 3-4.

responsible for all costs, including reasonable attorney's fees pursuant to O.C.G.A. § 13-1-11.[2] As of May 4, 2016, Defendants have failed to make any payments on the Note.[3]

Now, Plaintiff alleges Defendants are liable for the unpaid principal balance in the amount of $138,299.37 and accrued interest in the amount of $4,208.00. Plaintiff further seeks per diem interest in the amount of $21.13 per day after April 27, 2016, through the date of Judgment. Plaintiff also demands attorney's fees in the amount equal to 15 percent (15%) of the first $500.00 of principal and interest owing under the Note and 10 percent (10%) of the amount of principal and interest owing in excess of $500.00 as of the date of Judgment.

## DISCUSSION

The entry of default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend … and that fact is made to appear by affidavit or otherwise."[4]  Prior to obtaining a default judgment, the party seeking judgment must first obtain an entry of default from the Clerk of Court.[5]  Plaintiff has satisfied this requirement.

However, the entry of default does not mandate the entry of a default judgment. Instead, the Court must find a sufficient basis in the pleadings for judgment to be

---

[2] Pl. Compl., [Doc. 1-5, Exhibit E].
[3] [Doc. 11-1].
[4] Fed. R. Civ. P. 55(a).
[5] *Id.*

entered.[6]  Default is not an admission of liability, but it is an admission as to the well-pleaded facts in the complaint, and the defendant may not challenge those facts on appeal.[7]  Once a court determines that default judgment should be entered, the court must then determine the amount and character of the recovery for which a sufficient basis is asserted in the complaint.[8]

In considering any motion for default judgment, the Court must examine (1) its jurisdiction, (2) liability, and (3) damages.[9]  The Court has diversity jurisdiction over the instant case pursuant to 28 U.S.C. § 1332.  The remaining considerations are addressed below.

## A.  Liability on the Promissory Note

A party who claims breach of contract under Georgia law has the burden of establishing (1) the subject matter of the contract, (2) consideration, and (3) mutual assent by the parties to the contract terms.[10]  "Once such a contract is shown, the elements of a right to recover for the breach of said contract are (1) the breach and (2)

---

[6] *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239,1245 (11th Cir. 2015) (*citing Nishimatsu Constr. Co. Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the former Fifth Circuit before October 1, 1981.))

[7] *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).

[8] *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

[9] *See Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004).

[10] *Imps. Serv. Corp. v. GP Chems. Equity, LLC*, 652 F. Supp. 2d 1292, 1300 (N.D. Ga. 2009).

the resultant damages to the party who has the right to complaint about the contract being broken."[11]

In an action to recover amounts due on a promissory note, a plaintiff is entitled to judgment as a matter of law if the record shows that the promissory note was executed by a defendant who is in default, unless the defendant produces or points to evidence in the record that establishes an affirmative defense.[12]

The Court finds the factual allegations in the Complaint and attached exhibits, deemed admitted by Defendants, establish Plaintiff has a right to recover amounts due under the promissory note.

## B.  Damages

No evidentiary hearing is necessary to determine Plaintiff's damages because "the amount of damages is liquidated or can be reduced to a sum certain."[13]  Under the terms of the Note, the Modification Agreement, and the Guaranties, Defendants are liable jointly and severally for the aggregate amount of $142,507.37 as of April 27, 2016.[14] This amount consists of unpaid principal in the amount of $138,299.37 and interest in

---

[11] *Id.* (internal quotation marks and citation omitted).

[12] *Secured Realty Inv. v. Bank of N. Ga.*, 314 Ga. App. 628, 629 (2012); *see also Collins v. Regions Bank*, 282 Ga. App. 725, 726 (2006).

[13] *Langsfeld v. Wynne*, No. 1:08-CV-0225-JOF, 2009 WL 383395, at *3 (N.D. Ga. 2009).

[14] [Docs. 1-1 thru 1-4].

the amount of $4,208.  Defendants are also liable for per diem interest in the amount of $21.13 for each and every day after April 27, 2016, through the date of Judgment.[15]

## C.  Attorney's Fees

Similarly, the Court may grant Plaintiff's request for attorney's fees without an evidentiary hearing because O.C.G.A. § 13-1-11 provides a statutory formula for their calculation.  Pursuant to this statute, "[o]bligations to pay attorney's fees upon any note or other evidence of indebtedness … shall be valid and enforceable and collectable as a part of such debt if such note or other evidence is collected by or through an attorney after maturity."[16]  If the note provides for attorney's fees without identifying a specific percentage of recovery, "such provision shall be construed to mean 15 percent of the first $500.00 of principal and interest owing on such note or other evidence of indebtedness and 10 percent of the amount of principal and interest owing thereon in excess of $500.00[.]"[17]

A party who seeks to collect attorney's fees allowed by O.C.G.A. § 13-1-11 must give the debtor written notice after maturity, and the notice must state the debtor has ten days to pay the principal and interest due without being liable for attorney's fees.[18]  If all these requirements are met, the attorney's fees provision is enforceable.[19]

---

[15] Def.'s Aff. [Doc. 11-2] at 3.

[16] O.C.G.A. § 13-1-11(a).

[17] *Id.* § 13-1-11(a)(2).

[18] *Id.* § 13-1-11(a)(3).

[19] *TermNet Merc. Servs., Inc. v. Phillips*, 277 Ga. 342, 344 (2003).

Here, the factual allegations in the Complaint demonstrate that the above requirements have been satisfied.  Therefore, pursuant to the terms of the promissory note, Defendants are liable for attorney's fees in the amount of $14,275.737.  These attorney's fees consist of fifteen percent (15%) of the first $500.00 of principal and interest set forth above and ten percent (10%) of the amount of principal and interest in excess of $500.00.

## CONCLUSION

Plaintiff's Motion for Entry of Default Judgment [Doc. 11] is **GRANTED**. Judgment will be entered in favor of Plaintiff against Defendant in the following amounts:

a. **$142,507.37** representing unpaid principal and accrued interest under the Note as of April 27, 2016;

b. **$21.13** in per diem interest for each and every day after April 27, 2016, through the date of Judgment;

c. **$14,275.737** in attorneys' fees.

**SO ORDERED**, this 29th day of June, 2016.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

JRF